COLE ET AL., APPELLANTS, v. THORNBURG ET AL., APPELLEES.

1. WAIVER.

The irregularity, if any, in reinstating a case which had been dismissed because of a failure to file the complaint within the ten days allowed by law, is waived by appearing generally, filing an answer and going to trial.

2. PRACTICE—NEW TRIAL.

The affidavit of counsel, based upon information and belief, of what a witness will testify is insufficient to secure a new trial on the ground of newly discovered evidence.

3. NEW TRIALS.

New trials are not granted to admit newly discovered evidence which is merely cumulative.

4. BROKERS' COMMISSIONS.

To entitle a broker to commissions, he must have produced a purchaser who was ready, willing and able to purchase upon the terms and at the price designated by the principal, and have been the efficient agent or procuring cause of the sale.

*Appeal from the County Court of Arapahoe County.*

Mr. H. C. DAVIS, for appellants.

Mr. O. N. HILTON, for appellees.

REED, J., delivered the opinion of the court.

Appellees brought suit against appellants to recover a commission alleged to have been earned as real estate brokers in an exchange of property, as the agents of the appellants. The complaint was not filed until after the expiration of the ten days allowed by law. Motion was made by counsel for the defendants to dismiss for that reason. The motion was sustained. Afterwards, plaintiffs' counsel filed a motion to have the suit reinstated, which was sustained. Trial was had to the court without a jury, resulting in a judgment for plaintiffs for $200.

It is contended that the court erred in sustaining the motion to reinstate the case. Had counsel made only a special appearance to take advantage of the irregularity, a different question would be presented. Instead of relying upon the supposed irregularity, full appearance was made, an answer filed, issues made up, and a trial had. By so doing, whatever preceding irregularities occurred were waived, and cannot be urged here.

It is also urged that the court erred in refusing a new trial. We cannot agree with this contention. The affidavit of counsel is insufficient to secure a new trial on the ground of newly discovered evidence. Donnell, whose evidence was wanted, was one of the parties to the trade out of which the claim grew. The failure to get his testimony upon the trial is not explained. An affidavit of counsel, based upon *information and belief* of what a witness will testify, is insufficient; and, if the witness had testified to the matters and in the manner stated in the affidavit, such evidence would have been only cumulative, and in support of that of the defendant L. H. Cole. New trials are not granted to admit newly discovered evidence, only cumulative in its character.

The law of real estate brokerage, in this state, is well defined, and has been frequently expressed in the supreme court and in this. To entitle a broker to commissions, he must have produced a purchaser who was ready, willing and able to purchase the property upon the terms and at a price designated by the principal. Second, the broker must be the efficient agent or procuring cause of the sale. The means employed by him, and his efforts, must result in the sale. He must find the purchaser, and the sale must proceed from his efforts, acting as broker. *Babcock v. Merritt*, 1 Colo. App. 84, and cases cited; *Anderson v. Smythe*, 1 Colo. App. 253. These are purely questions of fact, to be found by the court or jury from the evidence. The testimony of both parties was meager, unsatisfactory and contradictory. The court found in favor of the plaintiffs. Such finding should not be disturbed. The judgment must be affirmed.

*Affirmed.*